Zhu v. Holder

BIA
Nelson, IJ
A094 793 291

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand thirteen.

PRESENT:
    JOSÉ A. CABRANES,
    RICHARD C. WESLEY,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

DANYING ZHU,
        *Petitioner,*

        v.                                    12-2648
                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy
                       Assistant Attorney General; John S.
                       Hogan, Senior Litigation Counsel;
                       Laura M.L. Maroldy, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Danying Zhu, a native and citizen of the People's Republic of China, seeks review of a June 11, 2012, decision of the BIA affirming the July 13, 2011, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Danying Zhu,* No. A094 793 291 (B.I.A. June 11, 2012), *aff'g* No. A094 793 291 (Immig. Ct. N.Y. City July 13, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Zhu's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the

2

totality of the circumstances," base a credibility determination on, among other things, the applicant's demeanor or the consistency of her statements, "without regard to whether an inconsistency, inaccuracy, or falsehood goes the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

The agency reasonably concluded that Zhu's testimony was undermined by her admission that she lied to immigration officials about her purpose for coming to the United States when she initially crossed the border. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). Similarly, the agency reasonably relied on the inconsistency between Zhu's testimony that she never applied for a visa to come to the United States, and evidence offered by the Department of Homeland Security showing that Zhu applied for a visa in 2007, as well as her inconsistent testimony regarding the date of her sterilization in China.

While the agency's credibility finding on its own "constitute[s] sufficient evidence that [a Petitioner] failed to carry his burden of proof," *Zhou Yung Zhang v. INS*, 386 F.3d 66, 79 (2d Cir. 2004), the agency strengthened

3

the credibility determination by finding that Zhu failed to independently corroborate her claim. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (an asylum applicant's failure to corroborate his testimony may bear on his credibility "because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). The agency did not err in declining to afford probative weight to a letter from Zhu's father corroborating that the sterilization was involuntary, as he did not have any firsthand knowledge of the events. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to an applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

Zhu's challenges to the IJ's demeanor finding–that the IJ improperly questioned her regarding her previous use of an intrauterine device ("IUD") and improperly assumed she was untruthful because she showed emotion only when discussing her divorce from her husband, and not while discussing her sterilization procedure– do not compel remand as: (1) the questioning concerning the IUD was not improper;

(2) this Court gives "particular deference [to the IJ's demeanor finding] . . . in recognition of the fact that the IJ's ability to observe the witness's demeanor places [the IJ] in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility," *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) (internal quotation marks and citation omitted); and (3) remand would be futile because we can predict with confidence – based on the alternative bases supporting the credibility determination described above – that the outcome would not change, *see Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008) (noting that remand is futile when the Court can confidently "predict that the agency would reach the same decision absent the errors that were made").

Given the admitted misrepresentation, inconsistencies, demeanor finding, and lack of corroboration, we defer to the agency's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. As the only evidence of a threat to Zhu's life or freedom depended on her credibility, the adverse credibility determination in this case is dispositive of her claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006);

5

*Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk